IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ERIC MICHAEL CRAPSER,

      Petitioner,

v.                                                      CASE NO. 4:18cv309-RH-MJF

MARK S. INCH,

      Respondent.

_____/


## ORDER DENYING THE PETITION AND
## GRANTING A CERTIFICATE OF APPEALABILITY

By petition for a writ of habeas corpus under 28 U.S.C. § 2254, Eric Michael Crapser challenges his state-court conviction on two counts arising from separate acts of alleged sexual abuse of a seven-year-old. The first count charged sexual battery, but the jury convicted Mr. Crapser only of the lesser included offense of battery. The second count charged, and the jury convicted Mr. Crapser of, lewd and lascivious molestation. A lesser-included-offense instruction was not given on that count.

Case No. 4:18cv309-RH-MJF

The petition asserts three claims and is before the court on the magistrate judge's report and recommendation, ECF No. 14, and the objections, ECF No. 17. I have reviewed de novo the issues raised by the objections.

I

A federal habeas court may set aside a state court's ruling on the merits of a petitioner's claim only if the ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the ruling "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). A long and ever-growing line of cases addresses these standards. *See, e.g.*, *Harrington v. Richter*, 562 U.S. 86 (2011); *Williams v. Taylor*, 529 U.S. 362 (2000); *Morris v. Sec'y, Dep't of Corr.*, 677 F.3d 1117 (11th Cir. 2012). No purpose would be served by repeating here all the analysis set out in the many cases.

II

Mr. Crapser challenges the state court's denial of his Fourth Amendment motion to suppress an incriminating note that officers found on a counter in Mr. Crapser's home at the time of his arrest. Officers were lawfully in the home, but Mr. Crapser says an officer picked up the note before reading it. Mr. Crapser says picking up the note was a seizure of it, and that the plain-view doctrine does not

authorize seizure of property not recognized at the time of the seizure to be incriminating or otherwise subject to seizure. For this he relies on cases including *Minnesota v. Dickerson*, 508 U.S. 378-79 (1993).

The respondent says this claim is foreclosed by *Stone v. Powell*, 428 U.S. 465 (1976). There the Court held that a federal habeas petitioner cannot obtain relief based on the Fourth Amendment exclusionary rule if the petitioner had a full and fair opportunity to litigate the issue in state court. Mr. Crapser says the state courts did not provide a full and fair opportunity to litigate the issue—that the trial court made no finding on whether the note was seized before its incriminating nature was known, and that the appellate court did not speak to the issue at all.

Mr. Crapser's argument fails for two reasons.

First, the record refutes Mr. Crapser's claim that an officer picked up the note before recognizing its evidentiary value. The officer's uncontradicted testimony was that she began reading the note while the note was in its original position on the counter and that she promptly recognized the note's evidentiary value—that she recognized the note's evidentiary value without moving it. ECF No. 11-5 at 62-65. The trial court did not explicitly find that the officer began reading the note before moving it, but the court plainly credited the officer's testimony. The implicit finding that the officer recognized the note's evidentiary value before moving it was fully supported by the record.

Second, the trial court conducted a hearing, considered the evidence and relevant authorities with care, and ruled that the officer could properly read the note under the plain-view doctrine. The court thus provided a full and fair opportunity to litigate the suppression issue. Mr. Crapser lost not because the trial court missed an issue but because the trial court rejected Mr. Crapser's claim on the merits. The ruling was not contrary to, and did not involve an unreasonable application of, clearly established federal law, and the ruling was not based on an unreasonable determination of the facts in light of the state-court record.

In sum, the suppression claim is foreclosed by *Stone v. Powell* and would fail on the merits anyway.

### III

Mr. Crapser says he was denied due process because the trial court excluded evidence of a different man's alleged sexual battery of the child victim. But the proffered evidence was only the inadmissible hearsay testimony of officers to whom the alleged battery was reported, not testimony of anyone with personal knowledge. The testimony was properly excluded. And even more clearly, its exclusion was not contrary to, and did not involve the unreasonable application of, clearly established federal law.

IV

Mr. Crapser says his attorney rendered ineffective assistance by failing to request a lesser-included-offense instruction on count two. To prevail on an ineffective-assistance claim, a defendant must show both deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Prejudice is an effect "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Mr. Crapser says his attorney had no strategic reason for not requesting a lesser-included instruction on count two—that the attorney just overlooked the issue. The record supports the assertion. This might well have been deficient performance. Mr. Crapser says it was also prejudicial—that had there been such an instruction, the jury likely would have convicted Mr. Crapser of a lesser included offense on count two, just as it did on count one. This is by no means certain, but it is at least plausible. This was a close case.

In asserting there was no prejudice, the respondent relies on *Sanders v. State*, 946 So. 2d 953 (Fla. 2006). There the Florida Supreme Court held that the failure to instruct on a lesser included offense is never prejudicial if the jury convicts on the greater offense. But *Sanders* is not binding in federal court. And while *Sanders* makes sense in theory—a conviction on the greater offense necessarily means the offense was proved beyond a reasonable doubt, making a conviction on only a

lesser offense improper—the theory does not always hold true in real life. Trials occur in real life. Attorneys are expected to render effective assistance not just in theory but in real life.

The respondent also relies on *Strickland*'s statement that a court should "presume" a jury acted according to law. 466 U.S. at 694-95. Mr. Crapser's theory is that this jury did not act according to law on count one—that the evidence showed he was either guilty of sexual battery or not guilty of anything at all, but the jury convicted him of battery. Mr. Crapser asserts that if given the chance, the jury would have returned an equivalent verdict on count two.

On collateral review, after a hearing, the state trial court resolved the prejudice issue in the state's favor, concluding both that *Sanders* is controlling and that, in any event, an instruction on battery—the lesser included offense on count one—would have been improper. The appellate court affirmed without opinion, making the trial court's reasoning the proper subject of review in this court. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

The trial court did not fully explain *Strickland*'s prejudice standard—a petitioner need only show an effect sufficient to undermine confidence in the outcome—but the court did cite *Strickland*. Whether a battery instruction would have been proper under Florida law is a close question, *see, e.g.*, *Stoffel v. State*, 247 So. 3d 89 (Fla. 1st DCA 2018), but the court's view on this state-law issue is

controlling here. Even so, there were other lesser included offenses on which an instruction would have been proper and almost surely would have been given if requested. Had this attorney spotted the lesser-included-offense issue and requested an instruction, this trial might have ended much more favorably for Mr. Crapser.

Mr. Crapser's entitlement to relief on this claim thus turns on the first part of the state court's ruling—the ruling that, as a matter of law, failure to instruct on a lesser included offense can never be prejudicial if the jury convicts on the greater offense. One could argue both sides of whether the *Strickland* presumption that a jury acted according to law is rebuttable and, if so, whether the presumption has been rebutted here. No Supreme Court ruling resolves the issue. It thus cannot be said that the state court's ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

This order denies relief. But jurists of reason could disagree on this issue, so this order grants a certificate of appealability.

V

This order adopts the report and recommendation's further discussion of these two claims, to the extent not inconsistent with this order. Mr. Crapser also asserts a third claim based on the trial court's evidentiary rulings. That claim is

plainly unfounded. This order adopts the report and recommendation's treatment of that claim without further discussion.

## VI

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Crapser has made the required showing only on the ineffective-assistance claim based on the failure to request a lesser-included-offense instruction.

## VII

For the reasons set out above and in the adopted portion of the report and recommendation,

IT IS ORDERED:

1. The report and recommendation is accepted.

2. The clerk must enter judgment stating, "The petition is denied with prejudice."

3. A certificate of appealability is granted on this issue: whether Mr. Crapser's attorney rendered deficient performance by failing to request a lesser-included-offense instruction on count two and, if so, whether the failure caused prejudice.

4. The clerk must close the file.

SO ORDERED on July 1, 2020.

                                            s/Robert L. Hinkle
                                            United States District Judge